IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
EASTERN DIVISION

GLADYS SIPES, et al.,

      Plaintiffs,

v.                                     No. 12-1130 B

MADISON COUNTY SHERIFF'S DEPARTMENT,
et al.,

      Defendants.
_____

ORDER DISMISSING CLAIMS AGAINST DEFENDANTS MAYO, THE MADISON
COUNTY SHERIFF'S DEPARTMENT AND JOHN DOE, AND
DISMISSING INDIVIDUAL CAPACITY CLAIMS AGAINST DEFENDANT WOOLFORK,
OFFICIAL CAPACITY CLAIMS AND CLAIMS UNDER THE FOURTEENTH
AMENDMENT, THE TENNESSEE GOVERNMENTAL TORT LIABILITY ACT AND
THE TENNESSEE CONSTITUTION
_____

This action was brought on June 4, 2012 by the Plaintiffs, Gladys Sipes, individually, as next of kin and personal representative of decedent Christopher Baron Reid, and Brandy Collins, natural sibling of decedent Christopher Baron Reid, against Madison County, Tennessee; the Madison County Sheriff's Department; Sheriff David Woolfork and Sheriff's Deputies Paul Capps, William Wester, Brandon Dorris, James P. Mayo and John Doe. (D.E. 1.) The complaint alleged violation of constitutional rights pursuant to 42 U.S.C. § 1983, as well as various state law claims. (Id.) On August 28, 2012, a partial motion to dismiss and for summary judgment was filed seeking (1) summary judgment as to all claims against Defendant Mayo; (2) dismissal of claims against the Madison County Sheriff's Department; (3) dismissal of individual capacity claims against Defendant Woolfork; (4) dismissal of official capacity claims; (5) dismissal of John Doe Defendants; and (5) dismissal of claims under the Fourteenth Amendment, the Tennessee Governmental Tort Liability

Act and the Tennessee Constitution.  (D.E. 11.).  When the Plaintiffs failed to respond to the motion, the Court entered an order on October 3, 2012 directing them to show cause within eleven days why the claims for which dismissal was sought should not be dismissed for failure to prosecute.  (D.E. 15.)  The Plaintiffs were advised that "failure to file a sufficient and timely response to the Court's directive may result in dismissal of claims which are the subject of the dispositive motion."  (Id. at 2.)  No response has been filed by the Plaintiffs.

Rule 41(b) provides for dismissal of claims for failure of the plaintiff "to prosecute or to comply with [the Federal Rules of Civil Procedure] or a court order . . ."  Fed. R. Civ. P. 41(b).  It is well-settled that a district court may enter an order of dismissal *sua sponte* under Rule 41(b). Rogers v. City of Warren, 302 F. App'x 371, 375 n.4 (6th Cir. 2008).  The authority to dismiss claims under the Rule "is available to the district court as a tool to effect management of its docket and avoidance of unnecessary burdens on the tax-supported courts and opposing parties." Knoll v. Am. Tel. & Tel. Co., 176 F.3d 359, 363 (6th Cir. 1999) (internal quotations omitted), *reh'g & suggestion for reh'g en banc denied* (June 30, 1999).  District courts are permitted substantial discretion in determining whether dismissal is appropriate. Schafer v. City of Defiance Police Dep't, 529 F.3d 731, 736 (6th Cir. 2008).  The Sixth Circuit has articulated four factors to be addressed by the Court in assessing whether dismissal for failure to prosecute is warranted:  (1) whether the party's failure was the result of willfulness, bad faith, or fault; (2) whether the opposing party suffered prejudice due to the party's conduct; (3) "whether the . . . party was warned that failure to cooperate could lead to dismissal" of his claims; and (4) "whether less drastic sanctions were imposed or considered before dismissal was ordered."  Id. at 737.

The first factor weighs in favor of dismissal where the court finds that the "defendant[s]

2

cannot be expected to defend [a claim] that plaintiff[s] [have] apparently abandoned, not to mention the investment of time and resources expended to defend [against the claims]." Pisarcik v. Prison Health Servs., No. 09-14835, 2010 WL 2796439, at *2 (E.D. Mich. June 18, 2010) (internal quotation marks omitted), *report & recommendation adopted by* 2010 WL 2772327 (E.D. Mich. July 13, 2010).  This factor supports dismissal of the claims at issue here.  The second factor also weighs on the side of the movants, as continued defense of a claim the plaintiffs have chosen not to pursue results in prejudice.  *See* Whitehurst v. United Capital Mortgage, No. 06-2685, 2007 WL 4208698, at *3 (W.D. Tenn. Nov. 26, 2007) (order adopting report & recommendation).  In its October 3, 2012 show cause order, the Court warned the Plaintiffs that "failure to file a sufficient and timely response to the Court's directive may result in dismissal of claims which are the subject of the dispositive motion."  (D.E. 15 at 2.)  Finally, in light of Plaintiffs' failure to respond to the motion to dismiss and to the show cause order, the Court sees no benefit in considering or imposing lesser sanctions.  *See* Akin-Olugbade v. Cnty. of Wayne, No. 11-15341, 2012 WL 2995487, at *2 (E.D. Mich. July 6, 2012) ("given plaintiff's repeated failure to file responses as ordered and failure to respond to the order to show cause, the undersigned sees no utility in considering or imposing lesser sanctions"), *report & recommendation adopted by* 2012 WL 2995482 (E.D. Mich. July 23, 2012).  Thus, the Court finds that none of the considerations militate in favor of the Plaintiffs. Accordingly, the claims against Defendant Mayo, the Madison County Sheriff's Department and the John Doe Defendants are DISMISSED.  Further, the individual capacity claims against Defendant Woolfork, the official capacity claims, and the claims under the Fourteenth Amendment, the Tennessee Governmental Tort Liability Act and the Tennessee Constitution are DISMISSED.  The Clerk is DIRECTED to remove D.E. 11 from pending status.

IT IS SO ORDERED this 23rd day of October 2012.

s/ J. DANIEL BREEN
UNITED STATES DISTRICT JUDGE