IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TENNESSEE
EASTERN DIVISION

GLADYS SIPES, individually,
as next of kin, and personal representative
of decedent CHRISTOPHER BARON
REID, and BRANDY COLLINS, natural
sibling of decedent CHRISTOPHER
BARON REID,

    Plaintiffs,

v.                                           No. 12-1130

MADISON COUNTY, et al.

    Defendants.

---

ORDER GRANTING IN PART DEFENDANTS' MOTION FOR
SUMMARY JUDGMENT AS TO PLAINTIFFS' FEDERAL CLAIMS AND
DISMISSING PLAINTIFFS' STATE LAW CLAIMS

---

This action was brought on June 4, 2012 on behalf of the decedent, Christopher Baron Reid, by Plaintiffs, Gladys Sipes and Brandy Collins, Reid's mother and representative of estate and his sister, respectively. (Docket Entry ("D.E.") 1.) Plaintiffs allege that Defendants, Madison County, Tennessee, Sergeant William Wester, and Deputy Paul Capps, deprived the decedent of his constitutional rights while acting under the color of law in violation 42 U.S.C. § 1983.[1] (Id.) Before the Court is Defendants' motion for summary judgment pursuant to Rule 56 of the Federal Rules of Civil Procedure. (D.E. 49.)

*STANDARD OF REVIEW*

---

[1] Plaintiffs originally brought a number of claims under state law as well (D.E. 1 at 13–17), but now indicate they are "abandoning" them as to these Defendants. (D.E. 56 at 1.) Therefore, to the extent Plaintiffs no longer intend to pursue these state claims, they are DISMISSED.

Rule 56 provides in pertinent part that "[t]he court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). "There is no genuine issue for trial where the record 'taken as a whole could not lead a rational trier of fact to find for the non-moving party.'" Burgess v. Fischer, 735 F.3d 462, 471 (6th Cir. 2013) (quoting Matsushita Elec. Indus., Co. v. Zenith Radio Corp., 475 U.S. 574, 587, 106 S. Ct. 1348, 89 L. Ed. 2d 538 (1986)). "Credibility determinations, the weighing of the evidence, and the drawing of legitimate inferences from the facts are jury functions, not those of a judge." Bobo v. United Parcel Serv., Inc., 665 F.3d 741, 748 (6th Cir. 2012) (quoting Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 255, 106 S. Ct. 2505, 91 L. Ed. 2d 202 (1986)). A court's function at the summary judgment stage is not to "weigh the evidence and determine the truth of the matter[,]" but is "to determine whether there is a genuine issue for trial." Anderson, 477 U.S. at 249, 106 S. Ct. 2505. "In doing so, the evidence is construed and all reasonable inferences are drawn in favor of the nonmoving party." Burgess, 735 F.3d at 471 (citing Hawkins v. Anheuser–Busch, Inc., 517 F.3d 321, 332 (6th Cir. 2008)). A court must grant summary judgment "after adequate time for discovery and upon motion, against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." Celotex Corp. v. Catrett, 477 U.S. 317, 322, 106 S. Ct. 2548, 91 L. Ed. 2d 265 (1986); *see* In re Morris, 260 F.3d 654, 665 (6th Cir. 2001) (same).

## *ANALYSIS*

Defendants first maintain that they are entitled to summary judgment because Plaintiffs lack standing to bring suit on behalf of the decedent.

The law of the forum state in which a federal civil rights action is brought applies where federal law is "deficient in the provisions necessary to furnish suitable remedies and punish offenses against law." 42 U.S.C. § 1988. The state law is controlling so long as it "is not inconsistent with the Constitution and laws of the United States." Id.; *see also* Robertson v. Wegmann, 436 U.S. 584, 593–94, 98 S. Ct. 1991, 56 L. Ed. 554 (1978) (holding that forum state laws regarding survival and wrongful death apply to §1983 claims so long as they do not independently adversely affect the policies underlying such claims). Therefore, the Court will look to Tennessee law to determine whether Plaintiffs have standing.

Tennessee Code Annotated section 20-5-106(a) provides in pertinent part that

> [t]he right of action that a person who dies from injuries received from another, or whose death is caused by the wrongful act, omission, or killing by another, would have had against the wrongdoer, in case death had not ensued, shall not abate or be extinguished by the person's death but shall pass to the person's surviving spouse and, in case there is no surviving spouse, to the person's children or next of kin; to the person's personal representative, for the benefit of the person's surviving spouse or next of kin[.]

An action brought under this statute "may be instituted by the personal representative of the deceased or by the surviving spouse in the spouse's own name, or, if there is no surviving spouse, by the children of the deceased or by the next of kin." Tenn. Code Ann. § 20-5-107(a). The phrase, "next of kin," in these statutes refers to the "next or nearest in blood" and follows the generally applicable line of consanguinity. Sneed v. Henderson, 366 S.W.2d 758, 760 (Tenn. 1963). Thus, the superior right to bring a survivor suit in Tennessee is granted first to a surviving spouse, then to any children, then to a parent, then to a sibling, and so forth. Tenn. Code Ann. § 31-2-104.

An inferior beneficiary may not sue until the person with the prior and superior right waives his right of action. Koontz v. Fleming, 65 S.W.2d 821, 824 (Tenn. Ct. App. 1933). This

waiver may be affected by affirmative acts or by "permitting the [plaintiff's] suit to stand without objection upon [his] part." Troutman v. Johnson City, Tenn., 392 F. Supp. 556, 558 (E.D. Tenn. 1973) (quoting Koontz, 65 S.W.2d at 824). Regardless of who brings the suit, the right of action is that which the deceased "would have possessed if he had lived and the recovery is in his right," not in the right of his beneficiaries. Memphis St. Ry. Co. v. Cooper, 313 S.W.2d 444, 447 (Tenn. 1958) (Such a suit "must be treated as if the injured party had brought it.").

An administrator or personal representative may institute an action under the Tennessee survivor statute, but "the statutory beneficiary is the real party in interest, and neither the claim nor the recovery becomes a part of the estate of the deceased." Holliman v. McGrew, 343 S.W.3d 68, 73 (Tenn. Ct. App. 2009) (citing Cooper, 313 S.W.2d at 448). It is "well established" that a representative bringing suit "has no interest in the recovery and acts only as a medium for enforcing the rights of others." Foster v. Jeffers, 813 S.W.2d 449, 452 (Tenn. Ct. App. 1991) (citing Cummins v. Woody, 152 S.W.2d 246 (Tenn. 1941)); *see also* Martin v. Corr. Corp. of Am., 231 F.R.D. 532, 537 (W.D. Tenn. 2005) (administrator's interest is "wholly derivative of the interest of the permissible beneficiaries enumerated in the wrongful death statute"). The personal representative holds any "recovery as a trustee for the real beneficiaries . . . , and must account to them, whoever they may be, for the proceeds of the judgment." Cooper, 313 S.W.2d at 447. Accordingly, "[t]he administrator's rank in the group of persons who have priority to the right to bring a wrongful death action varies" according to the beneficiary they are representing. Foster, 813 S.W.2d at 452.

Thus, "[t]he right of action depends upon the existence of persons entitled to take the recovery as beneficiaries under the statute and not upon the qualification of a personal representative." Johnson v. Metro. Gov't of Nashville & Davidson Cnty., 665 S.W.2d 717, 718

4

(Tenn. 1984) (citing Cooper, 313 S.W.2d 444). For this reason, "[i]t is necessary both to plead and to prove the existence of requisite beneficiaries before the action can be maintained." Id. (citing Hale v. Johnston, 203 S.W. 949 (Tenn. 1918), *overruled on other grounds by* Bowers by Bowers v. City of Chattanooga, 826 S.W.2d 427 (Tenn. 1992)). "[I]f the existence of a statutory beneficiary at the time the suit is commenced is not disclosed in the progress of the case, the action fails." Whitson v. Tenn. Cent. Ry. Co., 40 S.W.2d 396, 398 (Tenn. 1931); *see also* Louisville & N.R. Co. v. Pitt, 18 S.W. 118, 119 (Tenn. 1892) (An action is "fatally defective unless it avers that the deceased left a widow, child, or next of kin surviving him."). However, because the survival suit "must be treated as if the injured party had brought it[,]" where the existence of beneficiaries is shown, "even though they are not averred and not proven in the original action, . . . they may be shown later." Walker v. Peels, 315 S.W.2d 400, 402 (Tenn. 1958) (discussing Cooper, 313 S.W.2d at 448). Tennessee courts have been "extremely liberal" in allowing claimants bringing wrongful death suits to amend so that the proper party beneficiary may be named. Id.

Plaintiffs originally brought this action in various capacities. Gladys Sipes sued in her individual capacity and as "the next of kin and duly appointed Personal Representative of the Estate" of the decedent. (D.E. 1 at ¶8.) Brandy Collins apparently sued in her individual capacity as Reid's sister. (Id. at ¶9.) Defendants assert that both Plaintiffs lack standing for two reasons. First, Reid had a natural son who is actually his "next of kin," not Sipes, and therefore her claims as personal representative on behalf of herself as next of kin are fatally flawed.[2] (D.E. 49-1 at 7.) Next, Sipes and Collins lack standing in their individual capacities because the son has never

---

[2]  After discussing Sipes' role as personal representative, Plaintiffs state that "[i]n any event, the estate does have standing to [bring] the instant claims." (D.E. 57 at 2.) To the extent Plaintiffs suggest the estate has standing on its own, their argument must fail, because it is clear that the estate lacks any interest in a wrongful death suit in Tennessee. Martin, 231 F.R.D. at 536–37 (neither the claim nor the recovery become part of the estate).

5

waived his superior right to sue. (D.E. 49-1 at 7–8.) Plaintiffs do not address either of these arguments other than to insist that there is "no evidence that Decedent has a legal child since no action has been taken to legitimize said child." (D.E. 57 at 1–2.) This position is unsupported by any authority and clearly contradicts the undisputed facts in this matter as supplied by Sipes' own deposition testimony:

> Q. Did Chris [Reid] have any children?
>
> A. He didn't have one that he knew of until after he was gone.
>
> Q. Okay.
>
> A. And that then he had one [sic]. That was almost a month old, something like that.
>
> Q. Who's the mother?
>
> A. Jennifer Arnold.
>
> Q. And that child is now [t]wo and a half, something like that?
>
> A. (Moving head up and down.)
>
> . . . .
>
> Q. Do you have any relationship with that child, with your grandchild?
>
> A. Yes, I do.
>
> Q. Okay. And I assume that the mother and child live here in Madison County - -
>
> A. Yes.
>
> Q. - - or nearby? Has there been any sort of legal proceeding to establish that Chris was the father, the legal father of the child?
>
> A. Yes, a DNA was done.
>
> Q. Have you ever been to probate court or any type of court or judicial body to establish that paternity or the DNA test is done by the mother? [sic]

6

> A. Yeah, well - - yeah, I got papers from the place. And they sent it through mail, and I went there when they did the - - and then they had to redo it or something. And I got papers, so I got proof that he's his son.

(D.E. 59-1 at 3–4.)

The existence of a son was also corroborated by Christine Parrish, Reid's fiancé at the time:

> Q. Does Mr. Reid have any children?
>
> A. He has a son.
>
> Q. How old is his son.
>
> A. A little over one. 13, 14, months old, I think.
>
> Q. Who is the mother?
>
> A. Her name is Jennifer. I don't know her last name.

(D.E. 49-7 at 7–8.) Thus, there is clear and undisputed evidence in the record that Christopher Reid did have a child. Plaintiffs cite no authority indicating that a formal parentage action is required before the Court may recognize this fact. (*See* D.E. 58.) Under Tenn. Code Ann. § 20-5-106(a), the son's right to bring a wrongful death suit, or in this case a § 1983 suit, on behalf of his father is prior and superior to that of Plaintiffs. *See* Koontz, 65 S.W.2d at 824.

Although Sipes and Collins challenge that the decedent has a "legal son," and it is undisputed that Reid left no widow, Plaintiffs acknowledge, without explanation, that they lack standing to sue in their individual capacities.[3] (D.E. 57 at 1.) This concession by Collins is warranted because a sibling's right to bring suit is by law inferior to a mother's. *See* Tenn. Code Ann. § 31-2-104. The admission by Sipes is somewhat puzzling, because if the child was not established as Reid's child then Sipes would have the superior right to bring suit in her individual

---

[3] Plaintiffs cite Jaco v. Bloechle, 739 F.2d 239 (6th Cir. 1984), in conceding their lack of individual standing. (D.E. 57 at 1.) This Sixth Circuit case deals with an Ohio statute in a case arising in Ohio and therefore has no bearing on this application of Tennessee law.

7

capacity. *See* id.; Tenn. Code Ann. § 20-5-106(a). While courts applying Tennessee law are "not bound by a party's concession," Barron v. State, Dept. of Human Servs., 184 S.W.3d 219, 223 (Tenn. 2006), Plaintiffs have nonetheless effectively foreclosed their individual rights to sue under the survival statute because they have failed to carry their burden of demonstrating that the child waived its superior and exclusive right to sue. *See* Fayne v. Vincent, 301 S.W.3d 162, 171 (Tenn. 2009) ("[T]he party asserting waiver has the burden of proof."); Ky. Nat. Ins. Co. v. Gardner, 6 S.W.3d 493, 499 (Tenn. Ct. App. 1999) (citing Koontz, 65 S.W.2d at 825) ("The law will not presume a waiver, and the party claiming the waiver has the burden of proving it by a preponderance of the evidence.").

"[W]aiver will not be presumed or implied contrary to [the] intention of the parties whose rights would be injuriously affected thereby." Koontz, 65 S.W.2d at 825. Generally, "there must be absolute action or inaction inconsistent with the claim or right in order to constitute waiver by conduct." Id. While it has been held that an "*adult* beneficiary may waive his or her right to maintain the action by permitting the administrator's suit to stand without objection[,]" Busby v. Massey, 686 S.W.2d 60, 62 (Tenn. 1984) (emphasis added), the same has not been applied to minors. Furthermore, these authorities generally discuss waiver by inaction of the right to maintain and control suit, not waiver of the right to any recovery borne by the suit as a superior statutory beneficiary. *See* id. Thus, the question of whether the child waived his rights by failing to act is left "doubtful or uncertain," and Plaintiffs have failed to satisfy their burden of overcoming this uncertainty by a preponderance of the evidence. Koontz, 65 S.W.2d at 825. Sipes and Collins are therefore DISMISSED as plaintiffs in their individual capacities.

With no standing as individuals, the remaining question is whether Sipes can maintain suit as the personal representative of the estate. Although a person generally may sue as a

8

representative on their own behalf, Walker, 315 S.W.2d at 401, she may not do so here for the same reasons she cannot sue as an individual, Holliman, 343 S.W.3d at 73 ("the statutory beneficiary is the real party in interest"). Defendants argue that summary judgment is proper because the complaint is fatally defective under the survivor statute. They state that "[t]he personal representative of Reid's estate is listed as a party, but may only bring suit on behalf of the child. Mr. Reid's child, and next of kin, must be disclosed or the cause of action is fatally flawed." (D.E. 49-1 at 7.) Plaintiffs offer no argument in response other than their aforementioned disagreement that Reid had a son.

The Court finds that although Sipes has alleged the incorrect statutory beneficiary, the weight of authority in Tennessee precludes dismissal on this basis. At common law, the cause of action died with the person and no avenue for redressing injuries to the deceased remained. Busby, 686 S.W.2d at 61. The Tennessee Legislature, however, decided to abrogate this harsh result through the enactment of Tenn. Code Ann. § 20-5-106. Id. Courts have stated their desire to have suits brought under this statute adjudicated on the merits, rather than being dismissed for technical noncompliance. *See, e.g.*, Walker, 315 S.W.2d at 402 (The complaint did not allege a particular beneficiary but such "could have been supplied by motion to amend up until the time that the motion for directed verdict was sustained by the trial judge."); Cooper, 313 S.W.2d at 433–34 (beneficiaries not averred "may be shown later"); Whitson, 40 S.W.2d at 400 (allowing amendment even though complaint failed to name a beneficiary and statute of limitations had run); Hale, 203 S.W. 949 (approving of allowance to amend to aver next of kin in motion for new trial). Therefore, the Court finds that Sipes has standing to maintain this suit as personal representative of Reid's estate on behalf of the son and may proceed in this posture if she so desires.

In order to do so, the real party in interest, the son, must be plead in the complaint, Johnson, 665 S.W.2d at 718, and must at least ratify this action, Fed. R. Civ. P. 17(a)(3) (A court must allow a "reasonable time . . . for the real party in interest to ratify, join, or be substituted into the action."). Once this has been accomplished, this action will "proceed[] as it if had been originally commenced by the real party in interest." Fed. R. Civ. P. 17(a)(3).[4]

*CONCLUSION*

For the foregoing reasons, the Court GRANTS Defendants' motion for summary judgment as to all state law claims and those brought by Sipes and Collins in their individual capacities. The remaining issues raised in the motion are HELD IN ABEYANCE.

Sipes is hereby allowed thirty days from the entry of this order to file an amended complaint reflecting the child as the proper beneficiary and to obtain consent from the child's parent or guardian. Failure to timely amend the complaint or obtain consent will result in dismissal of all claims for lack of standing. If an amended complaint is filed, Defendants will have fourteen days in which to supplement their motion for summary judgment, if necessary. Sipes will then be allowed fourteen days to file any supplemental response. After this time, the Court will consider the remainder of Defendant's motion.

IT IS SO ORDERED this 16th day of May, 2014.

s/ J. DANIEL BREEN
CHIEF UNITED STATES DISTRICT JUDGE

---

[4] In Tennessee, minors "cannot sue in their own names but must sue by another." Busby, 686 S.W.2d at 62. A court-appointed general guardian or next friend may typically sue for a minor, but this person does not have priority over the personal representative in prosecuting on behalf of the minor "[a]bsent a showing of bad faith, fraud, or other good cause." Id.