IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
EASTERN DIVISION

GLADYS SIPES, individually,
as next of kin, and personal representative
of decedent CHRISTOPHER BARON
REID, and BRANDY COLLINS, natural
sibling of decedent CHRISTOPHER
BARON REID,

    Plaintiffs,

v.                                  No. 12-1130

MADISON COUNTY, et al.

    Defendants.

---

ORDER DENYING PLAINTIFF GLADYS SIPES'S
MOTION FOR RELIEF FROM JUDGMENT

---

Before the Court is the motion of Plaintiff, Gladys Sipes, for relief from its June 24, 2014, judgment, pursuant to Rule 60(b) of the Federal Rules of Civil Procedure. (Docket Entry ("D.E.") 64.) Defendants, Madison County, the Madison County Sherriff's Department, and a number of law enforcement officials, responded on October 20, 2014. (D.E. 66.) The motion is now ripe for disposition.

**I. Background**

On June 4, 2012, this action was brought on behalf of the decedent, Christopher Baron Reid, by Sipes, who is Reid's mother and representative of the estate, and Brandy Collins, his sister. (D.E. 1.) The complaint included several state law claims along with allegations that Defendants deprived Reid of his constitutional rights while acting under color of law in violation 42 U.S.C. § 1983. (*Id.* at 7–17.)

Defendants filed a motion for summary judgment, (D.E. 49), and the Court granted it in part on May 16, 2014. (D.E. 60.) The order dismissed the state law claims, which Sipes and Collins abandoned, and the claims brought in their individual capacity because Sipes and Collins were not the proper parties to bring suit on behalf of Reid under Tennessee state law. (*Id.* at 5–8.) As the decedent's sibling, Collins's right to bring suit was inferior to Sipes's as his mother. *See* Tenn. Code Ann. § 31-2-104.[1] Sipes's right to sue in her individual capacity was, in turn, inferior to that of Reid's son, whose existence Sipes acknowledged in her deposition. *See* Tenn. Code Ann. § 20-5-106(a). Because the child, as the statutory beneficiary, was the real party in interest, the Court also held that Sipes could not maintain the action on behalf of the estate unless he was named in the complaint and ratified the lawsuit. (D.E. 60 at 9–10.) Sipes received thirty days to file an amended complaint including Reid's son and to obtain consent from his parent or guardian, or she would face dismissal for lack of standing. (*Id.* at 10.)

By June 17, 2014, the thirty day period to amend the complaint had passed without Sipes making any filing, and Defendants moved to dismiss the case for failure to prosecute. (D.E. 61.) The Court granted their motion for summary judgment as to all remaining claims, (D.E. 62), and entered final judgment in Defendants' favor on June 24, 2014, (D.E. 63).

Over three months later, Sipes filed the present motion, requesting relief under Rule 60(b) of the Federal Rules of Civil Procedure. (D.E. 64.) She claims that the judgment should be set aside under Rule 60(b)(1) for "mistake, inadvertence, surprise, or excusable neglect" because "Defendants will not be prejudiced by Plaintiff obtaining relief"; Plaintiff "has a 'meritorious' claim" that is "good at law"; and "Plaintiff's conduct was not willful in failing to comply with the Court's condition of obtaining consent to proceed." (D.E. 65 at 3–6.) Further, she avers that relief under Rule 60(b)(6) is proper because the statute of limitations would not bar Reid's son

---

[1] Collins also conceded that she lacked standing to sue in her individual capacity. (D.E. 57 at 1.)

2

from bringing another action, or, in the alternative, that "a truly harsh result would come to pass" if a subsequent suit by the minor was time-barred. (*Id.* at 7–10.) Defendants respond that Plaintiff failed to establish excusable neglect by not providing a reason for her delay, that her misunderstanding as to whether she was initially entitled to file suit in her own name does not support relief under 60(b)(1), and that she still had not offered any direct proof that she obtained the proper consent to maintain the case. (D.E. 66 at 5–7.) As to Sipes's 60(b)(6) arguments, Defendants assert that because "relief is foreclosed under subsection (b)(1)[,] . . . . subsection (b)(6) is not available." (*Id.* at 8.)

**II. Legal Standards**

Rule 60(b) provides, in relevant part, that "[o]n motion and just terms, the court may relieve a party or its legal representative from a final judgment, order, or proceeding for the following reasons: (1) mistake, inadvertence, surprise, or excusable neglect; . . . or (6) any other reason that justifies relief." A Rule 60(b) motion may only be granted for one of the reasons specifically identified in the rule. *Feathers v. Chevron U.S.A., Inc.*, 141 F.3d 264, 268 (6th Cir. 1998). A party relying on 60(b) "must show the applicability of the rule." *Jinks v. AlliedSignal, Inc.*, 250 F.3d 381, 385 (6th Cir. 2001) (citation omitted). Stated differently, "[a]s a prerequisite to relief under Rule 60(b), a party must establish that the facts of its case are within one of the enumerated reasons contained in Rule 60(b) that warrant relief from judgment." *Johnson v. Unknown Dellatifa*, 357 F.3d 539, 543 (6th Cir. 2004) (quoting *Lewis v. Alexander*, 987 F.2d 392, 396 (6th Cir. 1993)).[2] "[R]elief under Rule 60(b) is circumscribed by public policy favoring

---

[2] Defendants cite *Info-Hold, Inc. v. Sound Merch., Inc.*, 538 F.3d 448, 454 (6th Cir. 2008) (citations omitted), for the proposition that "the party seeking relief under Rule 60(b) bears the burden of establishing the grounds for such relief by clear and convincing evidence." While this language appears to apply the clear and convincing standard to *all* of 60(b)'s subsections, *Info-Hold* only concerned 60(b)(3) and (6) motions, *see id.* at 455–59, and recent decisions can be interpreted to limit this holding to motions under 60(b)(2), (3), and (6). *See, e.g.*, *Thurmond v. Wayne Cnty. Sheriff Dep't*, 564 F. App'x 823, 827 (6th Cir. 2014) ("[T]he party seeking relief under Rule 60(b)(3) bears the burden of showing entitlement to such relief by clear and convincing evidence."); *JPMorgan*

finality of judgments and termination of litigation." *Tyler v. Anderson*, 749 F.3d 499, 509 (6th Cir. 2014) (citing *Thompson v. Bell*, 580 F.3d 423, 442 (6th Cir. 2009)), *cert. denied sub nom. Tyler v. Lazaroff*, 135 S. Ct. 370 (2014).

Before addressing arguments under 60(b)(6), this "[C]ourt must first analyze whether [60(b)](1) applies." *DirecTV, Inc. v. Turk*, 282 F. App'x 382, 384 (6th Cir. 2008) (citing *Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd. P'ship*, 507 U.S. 380, 393 (1993)). Relief under Rule 60(b)(1) is proper "in only two situations: (1) when a party has made an excusable mistake or an attorney has acted without authority, or (2) when the judge has made a substantive mistake of law or fact in the final judgment or order." *United States v. Reyes*, 307 F.3d 451, 455 (6th Cir. 2002) (citing *Cacevic v. City of Hazel Park*, 226 F.3d 483, 490 (6th Cir. 2000)). Because Plaintiff does not claim that her counsel took unauthorized action or that the Court made a mistake of fact or law, only whether an excusable mistake occurred is at issue. "In determining whether relief is appropriate under Rule 60(b)(1)," three factors control the analysis: "(1) culpability—that is, whether the neglect was excusable; (2) any prejudice to the opposing party; and (3) whether the party holds a meritorious underlying claim or defense. A party seeking relief must first demonstrate a lack of culpability before the court examines the remaining two factors." *Yeschick v. Mineta*, 675 F.3d 622, 628–29 (6th Cir. 2012) (quoting *Flynn v. People's Choice Home Loans, Inc.*, 440 F. App'x 452, 457–58 (6th Cir. 2011)) (internal quotation marks omitted). Because the "acts and omissions" of attorneys are attributable to their clients, "the proper focus is upon whether the neglect of [the parties] *and their counsel* was excusable." *Id.* at

---

*Chase Bank, N.A. v. First Am. Title Ins. Co.*, 750 F.3d 573, 584 (6th Cir. 2014) (considering a 60(b)(2) motion), *as amended*, (July 2, 2014); *Green v. Bank of Am. Corp.*, 530 F. App'x 426, 429–31 (6th Cir. 2013) (considering (b)(2) and (b)(3) claims); *Travelers Cas. & Sur. Co. of Am. v. J.O.A. Const. Co.*, 479 F. App'x 684, 693 (6th Cir. 2012) ("[R]elief under either subsection (b)(3) or (b)(6) requires clear and convincing evidence."). Regardless, the Court need not determine whether the clear and convincing standard also applies to motions under 60(b)(1) because Plaintiff has not shown that she is entitled to relief by even a preponderance of the evidence.

629 (alteration in original) (emphasis in original) (citation omitted). The Supreme Court has identified four relevant factors for courts to use in "determining whether a party's neglect of a deadline is excusable": (1) "the danger of prejudice to [the non-moving party]," (2) "the length of the delay and its potential impact on judicial proceedings," (3) "the reason for the delay, including whether it was within the reasonable control of the movant," and (4) "whether the movant acted in good faith." *Pioneer*, 507 U.S. at 395; *see also Yeschick*, 675 F.3d at 629.

Under Rule 60(b)(6), this Court's discretion has been said to be "especially broad." *Tyler*, 749 F.3d at 509 (quoting *Hopper*, 867 F.2d at 294). In practice, however, exercise of this discretion is "limited to 'unusual and extreme situations where principles of equity *mandate* relief.'" *McGuire v. Warden, Chillicothe Corr. Inst.*, 738 F.3d 741, 750 (6th Cir. 2013) (emphasis in original) (quoting *Ford Motor Co. v. Mustangs Unlimited, Inc.*, 487 F.3d 465, 468 (6th Cir. 2007)), *cert. denied sub nom. McGuire v. Robinson*, 134 S. Ct. 998 (2014). "[E]xceptional or extraordinary circumstances" are required for relief under Rule 60(b)(6). *Id.*; *see also* 11 Charles Alan Wright, et al., *Federal Practice & Procedure: Civil* § 2857 (3d ed. 2014).

### III. Analysis

A.   *Rule 60(b)(1)*

Sipes has failed to show that she is entitled to relief under 60(b)(1) because she has not "demonstrate[d] a lack of culpability" sufficient to excuse her own neglect or that of her counsel. *Yeschick*, 675 F.3d at 629 (citation omitted). Plaintiff argues that she lacks culpability because, after the entry of the Court's order, she immediately sought the necessary consent; the child's mother gave the consent three days after the thirty day period had expired; and "Plaintiff could not proceed in absence [sic] of such consent per th[e] Court's [o]rder." (D.E. 65 at 5.) She has

5

not offered, however, a reason for her failure to request additional time before the deadline expired. Nor has she explained why she did not notify the Court that she had obtained the required consent in the five days that passed before entry of the final order. Taken together, the *Pioneer* factors do not weigh in favor of finding Plaintiff's neglect excusable.

Sipes contends that setting aside the judgment would not prejudice Defendants because the parties have already completed discovery, and all that remains is to proceed to a ruling either on summary judgment or at trial. (D.E. 65 at 3–4.) In their response, Defendants did not refute this. While recognizing that a party faced with a case reopening months after the final judgment may be at a disadvantage, especially where the opposing party had the opportunity to continue its preparations, the Court finds that any prejudice here would be minimal.[3]

Plaintiff delayed notifying the Court of the consent for over three months after she obtained it. Other courts have found similar delays to adversely affect proceedings. *See, e.g.*, *Tri-Corner Investments LLC v. First Def. Int'l Grp., Inc.*, 361 F. App'x 629, 632 (6th Cir. 2010); *Howard v. Nationwide Prop. & Cas. Ins. Co.*, 306 F. App'x 265, 267–68 (6th Cir. 2009). In *Howard*, the panel found that a "three-week delay interfered with the district court's ability to expediently resolve [a] summary judgment motion prior to trial and mediation" and supported a finding of "prejudice to judicial administration" in the case. *Howard*, 306 F. App'x at 267. Here, granting the motion would cause even more delay because the trial date has long since passed. (*See* D.E. 43 at 1 (setting trial for July 21, 2014).) Sipes's actions have already negatively

---

[3] Plaintiff cites two cases in support of her argument concerning lack of prejudice. These decisions, however, dealt with motions to set aside default judgments rather than a motion to set aside a ruling on summary judgment. *See United Coin Meter Co. v. Seaboard Coastline RR.*, 705 F.2d 839, 840 (6th Cir. 1983); *Rooks v. Am. Brass Co.*, 263 F.2d 166, 169 (6th Cir. 1959). Outside the default judgment context, the Sixth Circuit has upheld a district court's denial of a Rule 60(b) motion even where the defendant would suffer no prejudice. *See Howard v. Nationwide Prop. & Cas. Ins. Co.*, 306 F. App'x 265, 266 (6th Cir. 2009).

impacted the proceedings, and granting her motion would only exacerbate the problem. Consequently, this factor weighs against setting aside the judgment.

The nature of the reason given for the delay also weighs against setting aside the judgment. Plaintiff argues that she promptly searched for the child's mother and informed her of the pending action and the need for her approval. (D.E. 65 at 5.) The mother "took time to consider the action and whether she would consent . . . ." (*Id.*) She eventually provided authorization three days after time had expired. (*Id.*) This, however, does not explain why Sipes did not request an extension of time once the deadline approached or why it took well over three months for her to inform the Court that she had obtained permission to add the child to the suit. While Plaintiff contends that she "could not proceed in absence of [the] consent," (*id.*), nothing prevented her from requesting more time or promptly bringing the matter to the Court's attention. She has, therefore, "failed to present a compelling explanation" for her delay. *Tri-Corner*, 361 F. App'x at 632.

The issue of whether Sipes acted in good faith is close. Her attorney claims to have sought consent immediately after the Court entered the order granting thirty days to obtain it, (D.E. 65 at 5), and Defendants do not specifically allege that she acted in bad faith, (*see* D.E. 66). As noted above, however, Plaintiff failed to request additional time, although she was fully aware of the impending deadline, or notify the Court of the approval before final judgment, even though she had sufficient opportunity. While it does not appear that Sipes acted with any improper purpose, she did not act with "faithfulness to [her] duty or obligation." *Black's Law Dictionary* 808 (10th ed. 2014) (defining "good faith"); *see also Yeschick*, 675 F.3d at 631 ("[G]ross carelessness or inadvertent conduct that results in judgment will not give rise to a

successful claim of excusable neglect if the facts demonstrate a lack of diligence."). Therefore, she did not act entirely in good faith.

On balance, these factors do not support a finding of excusable neglect. Not all of the *Pioneer* factors have the same weight; "the reason for the delay is the factor that is most critical to the excusable neglect inquiry." *Proctor v. N. Lakes Cmty. Mental Health*, 560 F. App'x 453, 459 (6th Cir. 2014) (citing *United States v. Munoz*, 605 F.3d 359, 372 (6th Cir. 2010)). As discussed above, Plaintiff has not provided an adequate explanation for her delay. Granting relief would also adversely impact the proceedings, and Sipes has "demonstrate[d] a lack of diligence." *Yeschick*, 675 F.3d at 631 (citation omitted). Though the danger of prejudice to Defendants is relatively low, this does not outweigh the other *Pioneer* factors under these facts. *See Howard v. Nationwide Prop. & Cas. Ins. Co.*, 306 F. App'x 265, 266 (6th Cir. 2009) (upholding a denial of relief under 60(b)(1) where the defendant suffered no prejudice). Because Plaintiff's neglect was not excusable, this Court need not address the remaining two prongs of the 60(b)(1) analysis. *See Flynn*, 440 F. App'x at 458.

B.   *Rule 60(b)(6)*

Sipes maintains that she is entitled to relief under Rule 60(b)(6) because the statute of limitations for the child's claims should be tolled during his minority; thus, "the action should continue." (D.E. 65 at 9.) Alternatively, she points out that the child would be "foreclosed from any recovery" if tolling does not occur, creating "a truly harsh result" that could be avoided by granting her motion. (*Id.*) Relief under 60(b)(6), however, is limited to "exceptional or extraordinary circumstances [that] are not addressed by the first five numbered clauses of the Rule." *McGuire*, 738 F.3d at 750 (quoting *Mustangs Unlimited*, 487 F.3d at 468). Under the facts of this case, no extraordinary circumstances exist that would justify setting aside the judgment.

8

Sipes has not cited any authority indicating that uncertainty about whether a limitations period has run can support a 60(b)(6) motion, (*see* D.E. 65), and the Sixth Circuit has suggested that 60(b)(6) generally does not provide a mechanism to address statute of limitations concerns where an improper party was named in a wrongful death action, *see McCurry ex rel. Turner v. Adventist Health Sys./Sunbelt, Inc.*, 298 F.3d 586, 597–98 (6th Cir. 2002). Moreover, limitations periods apply in almost all civil cases; therefore, the threat that an action may be time-barred is not "exceptional or extraordinary." *See Powell v. Wal-Mart Stores, Inc.*, No. 1:06CV00603, 2007 WL 6861068, at *3 (N.D. Ohio Aug. 14, 2007) (finding that a "claim regarding the statute of limitations is not 'exceptional or extraordinary' and does not warrant relief under Rule 60(b)(6)"), *aff'd*, 303 F. App'x 284 (6th Cir. 2008). Accordingly, Sipes is not entitled to relief under 60(b)(6).[4]

### IV. Conclusion

Plaintiff has not established that she is entitled to relief under Rule 60(b). She has not shown excusable neglect that would make relief under 60(b)(1) proper, nor has she pointed to any exceptional or extraordinary circumstances to support setting aside the judgment under 60(b)(6). For these reasons, and those previously discussed, the motion is DENIED.

IT IS SO ORDERED this 16th day of January, 2015.

s/ J. DANIEL BREEN<br>
CHIEF UNITED STATES DISTRICT JUDGE

---

[4] Because the judgment still stands, the issue of whether the statute of limitations should be tolled is not before the Court. This order, therefore, expresses no opinion on the matter.